JS 44 (Rev. 12/07) (CAND Rev 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

LARRY CAMPBELL

**DEFENDANTS**

HILL PHYSICIANS MEDICAL GROUP, INC., dba PHYSICIANS
INTEGRATED MEDICL GROUP, INC.

**(b)** County of Residence of First Listed Plaintiff SAN FRANCISCO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

SEE ATTACHED

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R. R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | Security Act | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – | | to Justice |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Credit Reporting Act, 15 U.S.C. & 1581 et seq.

Brief description of cause:
Violation of FCRA requirements re use of credit report by employers

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 20,000 +

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE ☐ EUREKA

DATE
8/18/2011

SIGNATURE OF ATTORNEY OF RECORD

## ATTACHMENT TO CIVIL COVER SHEET
## Question 1-c

Attorneys for plaintiff:

Robert M. Bramson
Daniel E. Birkhaeuser
Bramson, Plutzik, Mahler & Birkhaeuser
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Tel: (925) 945-0200
Fax: (925) 945-8792
rbramson@bramsonplutzik.com

Leonard Bennett
Matthew J. Erausquin
CONSUMER LITIGATION ASSOCIATES, P.C
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
Tel: (703) 273-7770
Fax: (888) 892-3512
matt@clalegal.com

1  Leonard Bennett (PHV forthcoming)
2  Matthew J. Erausquin (Cal. Bar No. 255217) (PHV forthcoming)
   CONSUMER LITIGATION ASSOCIATES, P.C.
3  1800 Diagonal Road, Suite 600
   Alexandria, Virginia 22314
4  Telephone: (703) 273-7770
   Facsimile: (888) 892-3512
5  matt@clalegal.com

   FILED

6  Robert M. Bramson (Cal. Bar No. 102006)
7  Daniel E. Birkhaeuser (Cal. Bar No. 136646)
   BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
8  2125 Oak Grove Road, Suite 120
   Walnut Creek, California 94598
9  Telephone: (925) 945-0200
   Facsimile: (925) 945-8792
10 rbramson@bramsonplutzik.com
11 dbirkhaeuser@bramsonplutzik.com

   AUG 18 2011
   RICHARD W. WIEKING
   CLERK, U.S. DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA
   OAKLAND

12 Attorneys for Plaintiff,
   LARRY CAMPBELL
13

14
15            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
                 San Francisco/Oakland Division
16                                          MEJ
                         C11-04041

17 LARRY CAMPBELL,            :   Case No. -              ADR
18      Plaintiff,           :
                             :   COMPLAINT FOR VIOLATIONS
19 v.                        :   OF THE FAIR CREDIT
                             :   REPORTING ACT AND STATE
20                           :   LAW
                             :
21 HILL PHYSICIANS MEDICAL   :        (DEMAND FOR JURY TRIAL)
22 GROUP, INC. d/b/a         :
   PHYSICIANS INTEGRATED     :   CLASS ACTION
23 MEDICAL GROUP, INC.,      :
                             :
24                           :
        Defendant.          :
25
26
27
28

COMPLAINT FOR VIOLATIONS OF THE
                                              FAIR CREDIT REPORTING ACT

1  COMES NOW the Plaintiff Larry Campbell (hereafter, "Campbell" or "Plaintiff"), by

2  counsel, on behalf of himself and all others similarly situated, and as for his Complaint against

3  the Defendant, he alleges as follows:

4  **PRELIMINARY STATEMENT**

5  1.     This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15

6  U.S.C. §1681, *et seq*. The FCRA imposes on employers that use a background check or other

7  consumer report regarding an employee or job applicant several important procedural

8  requirements designed to protect consumers like Plaintiff. Plaintiff applied for a job at Defendant

9  and Defendant used his consumer report that it obtained from SentryLink, LLC, a consumer

10  reporting agency, to rescind its offer to hire Plaintiff. In doing so, Defendant failed to comply

11  with the procedural protections and requirements imposed on it by the FCRA.

12  **JURISDICTION**

13  2.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 and 15 U.S.C.

14  § 1681(p). Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendant regularly

15  does business in the district and division, this is where the Plaintiff resides and this is the district

16  and division into which Defendant was required to provide a proper adverse action notice

17  **PARTIES**

18  3.     The Plaintiff is a natural person and a "consumer" as defined by the FCRA.

19  4.     Defendant Hill Physicians Medical Group, Inc. d/b/a Physicians Integrated

20  Medical Group, Inc. (hereafter, "PIMG") is a domestic corporation. At all times relevant hereto, it

21  was a "user" of the consumer report of Plaintiff, as governed by the FCRA.

22  **STATEMENT OF FACTS**

23  5.     Plaintiff applied for employment with PIMG in August of 2009.

24  6.     On or about August 19, 2009, PIMG obtained and used one or more consumer

25  reports regarding the Plaintiff from one or more third parties, including SentryLink, LLC. It did

26  so without ever providing a disclosure to the Plaintiff, in a document that consisted solely of the

27  disclosure, informing the Plaintiff that a consumer report would be obtained for employment

28  purposes.

- 2 -                                      COMPLAINT FOR VIOLATIONS OF THE
                                            FAIR CREDIT REPORTING ACT

1    7.    The consumer report that SentryLink, LLC supplied to PIMG regarding the

2    Plaintiff contained numerous inaccuracies regarding criminal convictions, alias information, and

3    personal identifying information including, but not limited to, the false and outrageous assertions

4    that Plaintiff had been convicted of multiple counts of sexual assault and also that he had failed to

5    register as a sex offender in Arizona.

6    8.    Plaintiff has never been convicted of sexual assault or failure to register as a sex

7    offender. Plaintiff has been a resident of San Francisco since 1992 and is not a criminal.

8    9.    After obtaining and using the Plaintiff's consumer report supplied by SentryLink,

9    LLC, and before providing Plaintiff with a copy of his report, or any description of his rights

10   under the FCRA, PIMG denied his employment application on the basis of the report and

11   informed Plaintiff specifically that the CEO of PIMG was "uncomfortable with him" as a result of

12   the information provided in the consumer report.

13   10.    Thereafter, Plaintiff notified PIMG that the information contained in the consumer

14   report was not accurate, that Plaintiff was not a criminal, and that he had never resided in

15   Arizona.

16   11.    PIMG refused to interact with Plaintiff thereafter, directly rebuffing his substantial

17   efforts to clear his name. Defendant refused to honor the employment offer that it had previously

18   made to the Plaintiff.

19   12.    PIMG failed to provide Plaintiff with a copy of the consumer report or written

20   summary of his rights under the FCRA before or even at the time it informed him that it had

21   withdrawn the offer of employment based in whole or in part on the report results.

22   13.    PIMG also failed to provide Plaintiff with any of the notices required by

23   §1681b(b) of the FCRA.

24   14.    Section 1681b(b)(2) of the FCRA regulates the conduct of any person who uses a

25   "consumer report" for an employment purpose. It states, in relevant part:

26       [A] person may not procure a consumer report, or cause a consumer report to be
         procured, for employment purposes with respect to any consumer, unless—
27

28

- 3 -                          COMPLAINT FOR VIOLATIONS OF THE
                                               FAIR CREDIT REPORTING ACT

1    (i) a clear and conspicuous disclosure has been made in writing to the consumer at
     any time before the report is procured or caused to be procured, in a document that
2    consists solely of the disclosure, that a consumer report may be obtained for
3    employment purposes; and

4    (ii) the consumer has authorized in writing (which authorization may be made on
     the document referred to in clause (i)) the procurement of the report by that person.
5

6        15.    Section 1681b(b)(2) thus limits the circumstances and process by which an

7    employer may obtain and use a consumer report for an employment purpose. Use for such a

8    purpose is more restrictive than other uses, such as for credit. The "permission to obtain a report"

9    form must be a stand alone document with no other matters contained therein.

10       16.    Section 1681b(b)(3)(A) of the FCRA regulates the conduct of any person who uses

11   a "consumer report" to take an adverse action against any employees or prospective employees as

12   follows:

13       Except as provided in subparagraph (B) [in cases of a consumer applying for a
         position over which the Secretary of Transportation may establish qualifications],
14       in using a consumer report for employment purposes, before taking any adverse
         action based in whole or in part on the report, the person intending to take such
15       adverse action shall provide to the consumer to whom the report relates –

16           (i) a copy of the report; and

17           (ii) a description in writing of the rights of the consumer under this
                 subchapter, as prescribed by the Federal Trade Commission under
18               section 1681g(c)(3) of this title.

19       17.    The purpose of §1681b(b)(3)(A) is to provide a prospective or current employee a

20   sufficient amount of time to review the consumer report, note any inaccuracies and to notify the

21   prospective employer of these inaccuracies before an adverse action is taken.

22       18.    PIMG failed to provide a copy of the consumer report in a sufficient amount of

23   time before it took the adverse action to allow Plaintiff to discuss the report with PIMG or

24   otherwise respond before the adverse action was taken.

25       19.    Upon information and belief, it is PIMG's standard hiring practice to rely on

26   consumer reports, and when the results are unsatisfactory, to fire or refuse to hire/fire people

27   without the statutory disclosure or written authorization, without giving them any advance notice

28   of the adverse action, without first providing them with a copy of their consumer report, without

                                            - 4 -        COMPLAINT FOR VIOLATIONS OF THE
                                                         FAIR CREDIT REPORTING ACT

1  providing them with a summary of their rights under the FCRA before taking the adverse action,

2  and without providing most of the oral, written or electronic notices required by the FCRA.

3      20.    PIMG acted willfully. PIMG knew or should have known about its legal

4  obligations under the FCRA. These obligations are well established in the plain language of the

5  FCRA and in the promulgations of the Federal Trade Commission.

6      21.    Despite knowing of these legal obligations, PIMG acted consciously in breaching

7  its known duties and depriving Plaintiff and other members of the class of their rights under the

8  FCRA.

9  **COUNT ONE: VIOLATION OF THE FCRA § 1681b(b)(2)(A)**

10      22.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth

11  at length herein.

12      23.    The "Class". Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff

13  brings this count for himself and on behalf of a class (the "Class") initially defined as follows:

14      All natural persons residing in the United States (including all territories and other
political subdivisions of the United States) who were the subject of a consumer
15  report obtained by Defendant for an employment purpose during the period
provided at 15 U.S.C. § 1681p through the filing of this Complaint.
16

17      24.    Numerosity. Fed. R. Civ. P. 23(a)(1). Upon information and belief, the Plaintiff

18  alleges that the Class members are so numerous that joinder of all is impractical. The names and

19  addresses of the Class members are identifiable through documents maintained by PIMG, and the

20  Class members may be notified of the pendency of this action by published and/or mailed notice.

21      25.    Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ.

22  P. 23(a)(2). Common questions of law and fact exist as to all members of the Class. These

23  questions predominate over the questions affecting only individual members. These common

24  legal and factual questions include, among other things:

25      a.   Whether Defendant's procedures and forms for employment applications violate §
1681b(b)(2)(A) by failing to make a "clear and conspicuous" disclosure.
26

27      b.   Whether Defendant's procedures and forms for employment applications violate §
1681b(b)(2)(A) by failing to make the required disclosure "in a document that
28  consists solely of the disclosure".

COMPLAINT FOR VIOLATIONS OF THE
FAIR CREDIT REPORTING ACT

    c. Whether Defendant's procedures and forms for employment applications violate §1681b(b)(2)(A) by causing Defendant to procure a consumer report in the absence of providing the legally mandated disclosure to consumers.

    d. Whether Defendant's noncompliance of the FCRA was "willful" – whether it was reckless.

26.   Typicality. Fed. R. Civ. P. 23(a)(3)). Plaintiff's claims are typical of the claims of each Class member. Plaintiff would only seek individual or actual damages if class certification is denied. In addition, Plaintiff is entitled to relief under the same causes of action and upon the same facts as the other members of the Class.

27.   Adequacy. Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

28.   Superiority. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

29.   Defendant violated the FCRA, § 1681b(b)(2)(A) by obtaining and using the consumer reports of the Plaintiff and member of the putative class for an employment purpose, but without complying with the requirements of this provision.

- 6 -

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

30.   As a result of these FCRA violations, PIMG is liable to Plaintiff and to each FCRA Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for each of the violations alleged herein, and for attorneys fees and costs pursuant to §1681n and §1681o.

31.   In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

32.   Plaintiff and Class Members are entitled to equitable relief against PIMG requiring its compliance with the FCRA in all future instances and/or offering (re-)employment to Plaintiff and class members, and enjoining future violations of the FCRA.

## COUNT TWO: VIOLATION OF THE FCRA § 1681b(b)(3)(A)

33.   Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

34.   The "Pre-Adverse Action Notice Sub-Class". Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this count for himself and on behalf of a sub-class (the "Pre-Adverse Action Notice Sub-Class") initially defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States), (a.) who applied for an employment position with Defendant or any of its subsidiaries, (b.) as part of this application process were the subject of a consumer report obtained by Defendant, (c.) where that consumer report contained a criminal public record or credit item that would disqualify the person from such position under Defendant's hiring policies, (d.) which consumer was not then approved or hired for the position, (e.) and to whom Defendant did not provide a copy of the consumer report and other disclosures stated at 15 U.S.C. § 1681b(b)(3)(A)(ii) at least five business days before the date the employment decision is first noted in Defendant's records.

35.   Numerosity. Fed. R. Civ. P. 23(a)(1). Upon information and belief, the Plaintiff alleges that the Sub-Class members are so numerous that joinder of all is impractical. The names and addresses of the Sub-Class members are identifiable through documents maintained by the Defendant, and the Sub-Class members may be notified of the pendency of this action by published and/or mailed notice.

COMPLAINT FOR VIOLATIONS OF THE
FAIR CREDIT REPORTING ACT

1   36.     Existence and Predominance of Common Questions of Law and Fact. Fed. R.

2   Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the Sub-Class.

3   These questions predominate over the questions affecting only individual members. These

4   common legal and factual questions include, among other things:

5

6       a.    Whether Defendant provided a copy of the consumer report to the applicant or
            employee before declining to hire or discharging the applicant or employee based
7           on the results thereof (§1681b(b)(3)(A)(i));

8       b.    Whether Defendant provided a copy of a summary of the applicant or employee's
            rights under the FCRA before declining to hire or discharging the applicant or
9           employee (§ 1681b(b)(3)(A)(ii));

10
        c.    Whether Defendant reckless, knowingly or intentionally acted in conscious
11          disregard of the rights of the consumer;

12      d.    Whether the conduct alleged violates the FCRA.

13

14  37.     Typicality. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of

15  each Sub-Class member. Plaintiff would only seek individual or actual damages if class

16  certification is denied. In addition, Plaintiff is entitled to relief under the same causes of action

17  and upon the same facts as the other members of the Sub-Class.

18  38.     Adequacy. Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative of the

19  Sub-Class because his interests coincide with, and are not antagonistic to, the interests of the

20  members of the Sub-Class he seeks to represent, he has retained counsel competent and

21  experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his

22  Counsel will fairly and adequately protect the interests of members of the Sub-Class.

23  39.     Superiority. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available

24  methods for fair and efficient adjudication of the controversy. The statutory and punitive

25  damages sought by each member are such that individual prosecution would prove burdensome

26  and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It

27  would be virtually impossible for the members of the Sub-Class individually to redress effectively

28  the wrongs done to them. Even if the members of the Sub-Class themselves could afford such

- 8 -

COMPLAINT FOR VIOLATIONS OF THE
FAIR CREDIT REPORTING ACT

1   individual litigation, it would be an unnecessary burden on the courts.  Furthermore,

2   individualized litigation presents a potential for inconsistent or contradictory judgments and

3   increases the delay and expense to all parties and to the court system presented by the complex

4   legal and factual issues raised by Defendant's conduct.  By contrast, the class action device will

5   result in substantial benefits to the litigants and the Court by allowing the Court to resolve

6   numerous individual claims based upon a single set of proof in just one case.

7       40.     Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A) as to the Pre-

8   Adverse Action Sub-Class, because it failed to provide a copy of the consumer report used to

9   make an employment decision and related disclosures to Plaintiff and all other similarly situated

10  applicants and employees before taking an adverse action that was based in whole or in part on

11  that report; and/or by doing so at least five business days before taking such action.

12      41.     As a result of these FCRA violations, Defendant is liable to Plaintiff and to each

13  Pre-Adverse Action Sub-Class Member, for statutory damages from $100.00 to $1,000.00

14  pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C.

15  §1681n(a)(2) for each of the violations alleged herein, and for attorneys fees and costs pursuant to

16  §1681n and §1681o.

17      42.     In the alternative to the Plaintiff's allegations that these violations were willful, she

18  alleges that the violations were negligent and seeks issue certification of that issue and

19  appropriate remedy, if any, under 15 U.S.C. §1681o.

20      43.     Plaintiff and Pre-Adverse Action Sub-Class Members are entitled to equitable

21  relief against PIMG requiring its compliance with the FCRA in all future instances and/or re-

22  employment of Plaintiff, and enjoining future violations of the FCRA.

23

24              **COUNT THREE: VIOLATION OF CALIFORNIA CIVIL CODE §1786.12**
                        **(Plaintiff Campbell Individually)**

25      44.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth

26  at length herein.

27      45.     The Defendant failed to comply with the additional requirements applicable to

28  California residents as set forth in California Civil Code § 1786.12.

                                        - 9 -          COMPLAINT FOR VIOLATIONS OF THE
                                                       FAIR CREDIT REPORTING ACT

46.    As a result of these violations of California law, the Defendant is liable to the Plaintiff pursuant to California Civil Code § 1786.50 in the amount of the greater of his actual damages or $10,000, such punitive damages as the jury may award upon a finding that the violation was grossly negligent or willful, and his attorneys fees and costs incurred in the prosecution of this action.

47.    Plaintiff is further entitled to declaratory and injunctive relief as the Court deems proper and appropriate, including, but not limited to, an order requiring the Defendant's compliance with California law with respect to all applicants.

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

1.  an order certifying the proposed FCRA class and sub-class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;

2.  the creation of a common fund available to provide notice of and remedy Defendants' FCRA violations;

3.  statutory and punitive damages; injunctive relief as pled;

4.  attorneys fees, expenses and costs;

5.  pre-judgment and post-judgment interest as provided by law;

6.  and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**.

Date: August 18, 2011

By: _____
Robert M. Bramson,
Attorneys for Plaintiff

Robert M. Bramson
Daniel E. Birkhaeuser
BRAMSON, PLUTZIK, MAHLER &
BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598

Leonard Bennett
Matthew J. Erausquin
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314

COMPLAINT FOR VIOLATIONS OF THE
FAIR CREDIT REPORTING ACT