Leonard Bennett
Matthew J. Erausquin (Cal. Bar No. 255217)
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
Telephone: (703) 273-7770
Facsimile: (888) 892-3512
matt@clalegal.com

Robert M. Bramson (Cal. Bar No. 102006)
Daniel E. Birkhaeuser (Cal. Bar No. 136646)
BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
rbramson@bramsonplutzik.com
dbirkhaeuser@bramsonplutzik.com

Attorneys for Plaintiff,
LARRY CAMPBELL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### San Francisco/Oakland Division

| | | |
|---|---|---|
| LARRY CAMPBELL, *on behalf of himself and all others similarly situated* | : | Case No. C 11 04041 SC |
| | : | |
| Plaintiff, | : | AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AND STATE LAW |
| v. | : | |
| | : | (DEMAND FOR JURY TRIAL) |
| HILL PHYSICIANS MEDICAL GROUP, INC., PHYSICIANS INTEGRATED MEDICAL GROUP, INC. | : | CLASS ACTION |
| Defendants. | : | |

COMES NOW the Plaintiff Larry Campbell (hereafter, "Campbell" or "Plaintiff"), by

counsel, on behalf of himself and all others similarly situated, and as for his Amended Complaint

AMENDED COMPLAINT FOR VIOLATIONS
OF THE FAIR CREDIT REPORTING ACT

against the Defendants, he alleges as follows:

## **PRELIMINARY STATEMENT**

1.      This action is brought under the Federal Fair Credit Reporting Act (hereafter, "FCRA"), 15 U.S.C. §1681, *et seq.*  The FCRA imposes several important procedural requirements on employers that use a background check or other consumer report for an employee or job applicant that are designed to protect consumers like Plaintiff.  Plaintiff applied for employment with Defendants who thereafter used his consumer report that they obtained from SentryLink, LLC, a consumer reporting agency, to rescind their offer to hire Plaintiff.  In doing so, the Defendants failed to comply with the procedural protections and requirements imposed on them by the FCRA.

## **JURISDICTION**

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 and 15 U.S.C. § 1681(p).  Venue is proper in this Court under 28 U.S.C. § 1391(b) as both Defendants regularly do business in the district and division.  Additionally, this district is where the Plaintiff resides and is the district and division into which Defendants were required to provide a proper adverse action notice.

## **PARTIES**

3.      The Plaintiff is a natural person and a "consumer" as defined by the FCRA, at 15 U.S.C. § 1681a(c).

4.      Defendant Physicians Integrated Medical Group, Inc. (hereafter, "PIMG") is a domestic corporation, and at all times relevant hereto, was a "user" of Plaintiff's consumer report, as governed by the FCRA. Defendant PIMG has previously dissolved and been acquired by Defendant Hill Physicians Medical Group, Inc.

5.      Defendant Hill Physicians Medical Group, Inc. (hereafter, "Hill") is a domestic corporation, and upon information and belief was a shareholder of Defendant PIMG at the time the cause of action arose and at the time PIMG dissolved.  Upon information and belief, Defendant Hill acquired Defendant PIMG at its dissolution.

AMENDED COMPLAINT FOR VIOLATIONS
OF THE FAIR CREDIT REPORTING ACT

**STATEMENT OF FACTS**

6.      Plaintiff applied for employment with Defendants in August of 2009.

7.      On or about August 19, 2009, Defendants obtained and used one or more consumer reports regarding the Plaintiff from one or more third parties, including SentryLink, LLC.  They did so without ever providing to the Plaintiff a disclosure in a document that consisted solely of that disclosure and informing the Plaintiff that a consumer report would be obtained for employment purposes.

8.      The consumer report that SentryLink, LLC supplied to Defendants regarding the Plaintiff contained numerous inaccuracies regarding criminal convictions, alias information, and personal identifying information including, but not limited to, the false and outrageous assertions that Plaintiff had been convicted of multiple counts of sexual assault and that he had also failed to register as a sex offender in Arizona.

9.      Plaintiff has never been convicted of sexual assault or failure to register as a sex offender.  Plaintiff has been a resident of San Francisco since 1992 and is not a criminal.

10.     After obtaining and using the Plaintiff's consumer report supplied by SentryLink, LLC, and before providing Plaintiff with a copy of his report, or any description of his rights under the FCRA, Defendants denied his employment application on the basis of the report and specifically informed the Plaintiff that the CEO of PIMG was "uncomfortable with him" as a result of the information provided in the consumer report.

11.     Plaintiff thereafter notified Defendants that the information contained in the consumer report was not accurate, that Plaintiff was not a criminal, and that he had never resided in Arizona.

12.     However, Defendants refused to interact with Plaintiff, directly rebuffing his substantial efforts to clear his name.  Defendants refused to honor the employment offer that they had previously made to the Plaintiff.

13.     Defendants further failed to provide Plaintiff with a copy of the consumer report or a written summary of his rights under the FCRA before, or even at the time, they informed him

that they had withdrawn the offer of employment based in whole or in part on the consumer report.

14.     Defendants also failed to provide Plaintiff with any of the notices required by §1681b(b) of the FCRA.

15.     Section 1681b(b)(2) of the FCRA regulates the conduct of any person who uses a "consumer report" for an employment purpose.  It states, in relevant part:

> [A] person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
>
> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

16.     Section 1681b(b)(2) thus limits the circumstances and process by which an employer may obtain and use a consumer report for an employment purpose.  Use for such a purpose is more restrictive than other uses, such as for credit.  The "permission to obtain a report" form must be a stand-alone document with no other matters contained therein.

17.     Section 1681b(b)(3)(A) of the FCRA regulates the conduct of any person who uses a "consumer report" to take an adverse action against any employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates –
>
> (i) a copy of the report; and
>
> (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title.

18.     The purpose of § 1681b(b)(3)(A) is to provide a prospective or current employee a

sufficient amount of time to review the consumer report, note any inaccuracies and to notify the prospective employer of these inaccuracies before an adverse action is taken.

19.     Defendants failed to provide a copy of the consumer report in a sufficient amount of time before they took the adverse action to allow Plaintiff to discuss the report with Defendants or otherwise respond before the adverse action was taken.

20.     Upon information and belief, it is Defendants' standard hiring practice to rely on consumer reports, and when the results are unsatisfactory, to fire or refuse to hire people without the statutory disclosure or written authorization, without giving them any advance notice of the adverse action, without first providing them with a copy of their consumer report, without providing them with a summary of their rights under the FCRA before taking the adverse action, and without providing most of the oral, written or electronic notices required by the FCRA.

21.     Defendants acted willfully. Defendants knew or should have known about their legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

22.     Despite knowing of these legal obligations, Defendants acted consciously in breaching their known duties and depriving Plaintiff and other members of the class of their rights under the FCRA.

23.     Upon information and belief, Defendant PIMG was acquired by Defendant Hill, and thereafter ceased operations and subsequently dissolved. Additionally, upon information and belief, Defendant Hill was a shareholder of Defendant PIMG and is further liable to Plaintiff and the proposed class members as such.

## COUNT ONE: VIOLATION OF THE FCRA § 1681b(b)(2)(A)

24.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

25.     The "Class".  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this count for himself and on behalf of a class (the "Class") initially defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer

AMENDED COMPLAINT FOR VIOLATIONS
OF THE FAIR CREDIT REPORTING ACT

report obtained by Defendants for an employment purpose during the period provided at 15 U.S.C. § 1681p through the filing of this Complaint.

26.     <u>Numerosity</u>. Fed. R. Civ. P. 23(a)(1).  Upon information and belief, the Plaintiff alleges that the Class members are so numerous that joinder of all is impractical.  The names and addresses of the Class members are identifiable through documents maintained by Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

27.     <u>Existence and Predominance of Common Questions of Law and Fact</u>. Fed. R. Civ. P. 23(a)(2).  Common questions of law and fact exist as to all members of the Class.  These questions predominate over the questions affecting only individual members.  These common legal and factual questions include, among other things:

    a.   Whether Defendants' procedures and forms for employment applications violate § 1681b(b)(2)(A) by failing to make a "clear and conspicuous" disclosure.

    b.   Whether Defendants' procedures and forms for employment applications violate § 1681b(b)(2)(A) by failing to make the required disclosure "in a document that consists solely of the disclosure."

    c.   Whether Defendants' procedures and forms for employment applications violate §1681b(b)(2)(A) by causing Defendants to procure a consumer report in the absence of providing the legally mandated disclosure to consumers.

    d.   Whether Defendants' noncompliance of the FCRA was "willful" – whether it was reckless.

28.     <u>Typicality</u>. Fed. R. Civ. P. 23(a)(3)).  Plaintiff's claims are typical of the claims of each Class member.  Plaintiff would only seek individual or actual damages if class certification is denied.  In addition, Plaintiff is entitled to relief under the same causes of action and upon the same facts as the other members of the Class.

29.     <u>Adequacy</u>. Fed. R. Civ. P. 23(a)(4).  Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously.  Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

30.     <u>Superiority</u>. Fed. R. Civ. P. 23(b)(3).  A class action is superior to other available

methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them.  Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant' conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

31.     Defendants violated the FCRA, § 1681b(b)(2)(A) by obtaining and using the consumer reports of the Plaintiff and members of the putative class for an employment purpose without complying with the requirements of this provision.

32.     As a result of these FCRA violations, Defendants are liable to Plaintiff and to each FCRA Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for each of the violations alleged herein, and for attorneys fees and costs pursuant to §1681n and §1681o.

33.     In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy under 15 U.S.C. §1681o.

34.     Plaintiff and Class Members are entitled to equitable relief against Defendants requiring their compliance with the FCRA in all future instances and/or offering employment or re-employment to Plaintiff and class members, and enjoining future violations of the FCRA.

35.     Defendant Hill is further liable to the Plaintiff and to each FCRA Class Member as a shareholder of PIMG.

### **COUNT TWO: VIOLATION OF THE FCRA § 1681b(b)(3)(A)**

36.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

37.     The "Pre-Adverse Action Notice Sub-Class".  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this count for himself and on behalf of a sub-class (the "Pre-Adverse Action Notice Sub-Class") initially defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States), (a.) who applied for an employment position with Defendants or any of their subsidiaries, (b.) as part of this application process were the subject of a consumer report obtained by Defendants, (c.) where that consumer report contained a criminal public record or credit item that would disqualify the person from such position under Defendants' hiring policies, (d.) which consumer was not then approved or hired for the position, (e.) and to whom Defendants did not provide a copy of the consumer report and other disclosures stated at 15 U.S.C. § 1681b(b)(3)(A)(ii) at least five business days before the date the employment decision is first noted in Defendants' records.

38.     Numerosity. Fed. R. Civ. P. 23(a)(1).  Upon information and belief, the Plaintiff alleges that the Sub-Class members are so numerous that joinder of all is impractical.  The names and addresses of the Sub-Class members are identifiable through documents maintained by Defendants, and the Sub-Class members may be notified of the pendency of this action by published and/or mailed notice.

39.     Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).  Common questions of law and fact exist as to all members of the Sub-Class. These questions predominate over the questions affecting only individual members.  These common legal and factual questions include, among other things:

a.      Whether Defendants provided a copy of the consumer report to the applicant or employee before declining to hire or discharging the applicant or employee based on the results thereof (§1681b(b)(3)(A)(i));

b.      Whether Defendants provided a copy of a summary of the applicant or employee's rights under the FCRA before declining to hire or discharging the applicant or employee (§ 1681b(b)(3)(A)(ii));

c.      Whether Defendants recklessly, knowingly or intentionally acted in conscious disregard of the rights of the consumer;

d.      Whether the conduct alleged violates the FCRA.

40.      <u>Typicality</u>. Fed. R. Civ. P. 23(a)(3).  Plaintiff's claims are typical of the claims of each Sub-Class member.  Plaintiff would only seek individual or actual damages if class certification is denied.  In addition, Plaintiff is entitled to relief under the same causes of action and upon the same facts as the other members of the Sub-Class.

41.      <u>Adequacy</u>. Fed. R. Civ. P. 23(a)(4).  Plaintiff is an adequate representative of the Sub-Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Sub-Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously.  Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Sub-Class.

42.      <u>Superiority</u>. Fed. R. Civ. P. 23(b)(3).  A class action is superior to other available methods for fair and efficient adjudication of the controversy.  The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct.  It would be virtually impossible for the members of the Sub-Class individually to redress effectively the wrongs done to them.  Even if the members of the Sub-Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

43.      Defendants willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A), as to the Pre-Adverse Action Sub-Class because they failed to provide a copy of the consumer report used to make an employment decision and related disclosures to Plaintiff and all other similarly situated applicants and employees before taking an adverse action that was based in whole or in part on that report and/or by doing so at least five business days before taking such action.

44.     As a result of these FCRA violations, Defendants are liable to Plaintiff and to each Pre-Adverse Action Sub-Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for each of the violations alleged herein, and for attorneys fees and costs pursuant to §1681n and §1681o.

45.     In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy under 15 U.S.C. §1681o.

46.     Plaintiff and Pre-Adverse Action Sub-Class Members are entitled to equitable relief against Defendants requiring their compliance with the FCRA in all future instances and/or re-employment of Plaintiff, and enjoining future violations of the FCRA.

47.     Defendant Hill is further liable to the Plaintiff and to each Pre-Adverse Action Sub-Class Member as a shareholder of PIMG.

## COUNT THREE: VIOLATION OF CALIFORNIA CIVIL CODE §1786.12
### (Plaintiff Campbell Individually)

48.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

49.     Defendants failed to comply with the additional requirements applicable to California residents as set forth in California Civil Code § 1786.12.

50.     As a result of these violations of California law, Defendants are liable to the Plaintiff pursuant to California Civil Code § 1786.50 in the amount of the greater of his actual damages or $10,000, such punitive damages as the jury may award upon a finding that the violation was grossly negligent or willful, and his attorneys fees and costs incurred in the prosecution of this action.

51.     Plaintiff is further entitled to declaratory and injunctive relief as the Court deems proper and appropriate, including, but not limited to, an order requiring the Defendants' compliance with California law with respect to all applicants.

52.     Defendant Hill is further liable to the Plaintiff as a shareholder of PIMG.

AMENDED COMPLAINT FOR VIOLATIONS
OF THE FAIR CREDIT REPORTING ACT

1

2

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

1.   an order certifying the proposed FCRA class and sub-class herein under Federal

3

Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;

4

2.   the creation of a common fund available to provide notice of and remedy

5

Defendants' FCRA violations;

6

3.   statutory and punitive damages;

7

4.   attorneys fees, expenses and costs;

8

5.   pre-judgment and post-judgment interest as provided by law;

9

6.   injunctive relief as pled; and

10

7.   such other relief the Court deems just, equitable and proper.

11

**TRIAL BY JURY IS DEMANDED**.

12

13

Date: March 23, 2012                    By:_____/s/_____

14                                                                     Robert M. Bramson,
                                                                         Attorneys for Plaintiff
15
                                                                         Robert M. Bramson
16                                                                     Daniel E. Birkhaeuser
                                                                         BRAMSON, PLUTZIK, MAHLER &
17                                                                     BIRKHAEUSER, LLP
                                                                         2125 Oak Grove Road, Suite 120
18                                                                     Walnut Creek, California  94598
19
                                                                         Leonard Bennett
20                                                                     Matthew J. Erausquin
                                                                         CONSUMER LITIGATION ASSOCIATES, P.C.
21                                                                     1800 Diagonal Road, Suite 600
                                                                         Alexandria, VA 22314
22

23

24

25

26

27

28

AMENDED COMPLAINT FOR VIOLATIONS
OF THE FAIR CREDIT REPORTING ACT

1

2

**CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record, who are deemed to have consented to electronic

3

service, are being served this 23rd day of March, 2012, with a copy of this document via the

4

Court's CM/ECF system.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                             /s/
                        Robert M. Bramson (Cal. Bar No. 102006)
                        BRAMSON, PLUTZIK, MAHLER &
                        BIRKHAEUSER, LLP
                        2125 Oak Grove Road, Suite 120
                        Walnut Creek, California  94598
                        Telephone: (925) 945-0200
                        Facsimile: (925) 945-8792
                        rbramson@bramsonplutzik.com

AMENDED COMPLAINT FOR VIOLATIONS
OF THE FAIR CREDIT REPORTING ACT